```
                   UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA

-------------------------------------------------------------
                              )
 United States of America,    )  File No. CR-09-172
                              )           (MJD/SRN)
        Plaintiff,            )
                              )
 vs.                          )  Minneapolis, Minnesota
                              )  July 6, 2010
 Annie Huyen Vu,              )  9:10 a.m.
                              )
        Defendant.            )
                              )
-------------------------------------------------------------

              BEFORE THE HONORABLE MICHAEL J. DAVIS
                UNITED STATES DISTRICT COURT JUDGE
```

**(SENTENCING)**

<u>APPEARANCES</u>
```
 For the Plaintiff:        U.S. Attorney's Office
                           LEEANN K. BELL, AUSA
                           600 U.S. Courthouse
                           300 South Fourth Street
                           Minneapolis, Minnesota 55415

 For the Defendant:        Caplan Law Firm
                           JOSEPH P. TAMBURINO, ESQ.
                           Suite 525
                           10 South Fifth Street
                           Minneapolis, Minnesota 55402

 Court Reporter:           LORI A. SIMPSON, RMR-CRR
                           1005 U.S. Courthouse
                           300 South Fourth Street
                           Minneapolis, Minnesota 55415
```

    Proceedings recorded by mechanical stenography;
 transcript produced by computer.

**P R O C E E D I N G S**

**IN OPEN COURT**

THE COURT:  Let's call this matter, please.

THE CLERK:  The United States of America vs. Annie Huyen Vu, Criminal Case No. 09-CR-172.  Counsel, will you please state your appearances for the record.

MS. BELL:  LeeAnn Bell appearing on behalf of the United States.  Good morning.

THE COURT:  Good morning.

MR. TAMBURINO:  Good morning, Your Honor.  Joe Tamburino representing Ms. Vu, who is present.

THE COURT:  Good morning.  Step forward, please.  All right.  We continued this matter to see whether or not the defendant could qualify for a departure by giving substantial assistance [sic] to the Government.

What's the position of the Government in this matter?

MS. BELL:  Your Honor, with respect to the safety valve, which we had continued this to try to accomplish, it is the position of the United States that Ms. Vu has not complied with the requirements of safety valve, specifically the requirement that she give a full and truthful statement of her activities and those that she was involved with.

Since the last hearing the United States offered to meet with Ms. Vu through her counsel and Mr. Tamburino

1   has additional information with respect to that, but it
2   is the -- she has not met with the United States since then.
3   It's my understanding that she had no desire to do so
4   despite the rather clear consequences of making that choice.
5               THE COURT:  Mr. Tamburino.
6               MR. TAMBURINO:  Thank you, Your Honor.  Just three
7   items.
8               First, it's a very difficult position that we are
9   in right now.  I've spoken to Ms. Vu on a number of
10  occasions.  She's come to my office a number of times.  I
11  have shown her what other people have said in the case.  I
12  have also shown her Mr. Tran's most recent filings with the
13  Court basically using some of what she has said in her
14  second proffer interview for his own benefit.  And
15  unfortunately none of that has seemed to have worked.
16  Ms. Vu has a very cooperative family.  I've talked to them.
17  But we're in the same position we were back in April.  So
18  it's a very difficult position that this presents to the
19  Court.
20              Second, Your Honor, is our legal standing and that
21  is we still are going to be requesting the safety valve
22  under 3553(f) only because of the first proffer, Your Honor,
23  where there was truthful information given.  Though it is
24  not the full song that should have been sung, there was at
25  least a number of measures which were actually true.

1           And third, Your Honor, that I don't know what
2   Ms. Vu is actually going to say, but I can tell you that her
3   position remains the same.  She obviously wants as least
4   time as possible.  I've explained to her how the Court in
5   order to do that would have to hear from her, but I really
6   don't know what she's going to say to the Court.  We have
7   discussed this as recently as last week and I still am not
8   aware of what she would say.
9           That's all I have, Your Honor.
10          THE COURT:  Let's go over everything.  Counsel,
11  have you had an opportunity to read the presentence
12  investigation report in this matter?
13          MS. BELL:  I have, Your Honor.
14          MR. TAMBURINO:  Yes.
15          THE COURT:  Any objections to the factual
16  statements contained in the presentence investigation
17  report?
18          MS. BELL:  Nothing from the Government.
19          MR. TAMBURINO:  Nothing.
20          THE COURT:  The Court will adopt the factual
21  statements contained in the presentence investigation report
22  as its own.
23          Counsel, have you had an opportunity to review the
24  advisory guideline calculations as prepared for the Court by
25  the probation officer?

1            MS. BELL:  I have.

2            MR. TAMBURINO:  I too.

3            THE COURT:  Any objections to the advisory

4    guideline calculations?

5            MS. BELL:  No, Your Honor.

6            MR. TAMBURINO:  Nothing.

7            THE COURT:  They are as follows:  Total offense

8    level of 23, criminal history points of 0, Category I,

9    imprisonment range of 120 months, ten-year mandatory

10   minimum, supervised release five years, fine range of

11   $10,000 to $4 million, and a special assessment of $100.

12           All right.  The Defense has made a motion for the

13   Court to grant safety valve based on an original proffer,

14   which the Government opposes because she was not truthful.

15   The Court will deny the defense motion for granting the

16   defendant a safety valve departure based on her proffer to

17   the Government in her first proffer.

18           Counsel, anything further you wish to say?

19           MR. TAMBURINO:  Nothing else, Your Honor.

20           MS. BELL:  I have nothing, Your Honor.

21           THE COURT:  Ms. Vu, this is your opportunity to

22   speak to me.  This is your opportunity to say anything that

23   you want to tell me or tell me anything that you want to

24   tell me about yourself, about this offense, or anything else

25   that you think I should know before I sentence you.

1       THE DEFENDANT:  Your Honor, I had made a very bad
2  choice and I have make a lot of mistake in my life.  This is
3  the most hard and the painful one that I made.  I'm truly
4  sorry for the harm and everything that I caused for other
5  people, especially my children, my kids.
6       And I did cooperate what I knew and I'm really,
7  really sorry for what I done and I believe in justice and I
8  believe the court system, which you will decide and I will
9  take consequences upon the court and upon your decision.  To
10  my family, I am very sorry.
11       Thank you.
12       THE COURT:  Anything for the Government?
13       MS. BELL:  Just very briefly, Your Honor, just so
14  that there's something on the record.
15       Ms. Vu did sit down and initially provide a
16  proffer to the United States and that's kind of the first
17  proffer that we are talking about when we talk about the
18  first proffer, and in that proffer she did give some initial
19  information.  I think parts of it are true.
20       Unfortunately what happened is we came back to sit
21  down again because parts of what she said did not simply
22  make sense and when we sat down again Ms. Vu started
23  changing information, started saying things that she had
24  said before weren't true and backtracking in part as a
25  result of having spoken with -- I believe having spoken with

1   some of her co-conspirators.
2          And as a result when we went to try to get sort of
3   the full story of the truthful information, things went
4   downhill rather rapidly and that sort of got us to the
5   position we were at the last time we were at the sentencing
6   hearing, which was to continue it to try to give her an
7   opportunity to sit down and actually tell all of the
8   information that she had, which, as the Court knows, did not
9   happen.
10          THE COURT:  Okay.  On November 3, 2009 the
11  defendant pled guilty to a one-count indictment charging her
12  with conspiracy to manufacture 1,000 or more marijuana
13  plants, in violation of Title 21, United States Code,
14  Sections 841(a)(1) and (b)(1)(A) and 846, a Class A felony.
15  It is considered and adjudged that the defendant is guilty
16  of that offense.  The Court will sentence as follows:
17          This is a mandatory minimum sentence of 10 years
18  in prison.  The Court has given the defendant several
19  opportunities to meet the safety valve requirements so the
20  Court could sentence under the mandatory minimum.  The
21  defendant has not met those standards and will not qualify
22  for the safety valve.
23          The record should reflect this is not an untypical
24  type of case that the Court sees, but it's an unfortunate
25  type of case where a woman is attached or in love or

1  whatever the feelings are there for another individual.
2          And in this case the individual that Annie Vu is
3  attached to happens to be the ringleader of this conspiracy
4  and it's unfortunate that she's put her love for him above
5  her love for her child and in doing that she faces the
6  consequences of going to prison.
7          The defendant is hereby sentenced to the care and
8  custody of the Bureau of Prisons for a period of 120 months.
9          No fine is imposed.
10         Mandatory restitution in the amount of $44,358.76
11 is owed jointly and severally with Co-Defendants Johnny
12 Tran, Kevin Phan, Hoa Tran, and Kenny Tran; in addition to
13 at least $23,121.63 which is owed jointly and severally with
14 Johnny Tran, Minh Duong, Vinh Hoang, and Phung Hoang; as
15 well as at least $44,123.50 which is owed jointly and
16 severally with Co-Defendants Phung Hoang and Vinh Hoang to
17 Connexus Energy, Attention Accounting Department, 14601
18 Ramsey Boulevard, Ramsey, Minnesota, 55303.
19         Over the period of incarceration the defendant
20 shall make payments of either quarterly installments of a
21 minimum of $25 if working non-UNICOR or a minimum of
22 50 percent of monthly earnings if working UNICOR.
23         The defendant should participate in the inmate
24 financial responsibility program while incarcerated.
25         Payments of not less than $50 per month are to be

```
 1   made over a period of five years commencing 30 days after
 2   release from confinement.  Payments are to be made payable
 3   to the Clerk, United States District Court, for disbursement
 4   to the victim.  The interest requirement is waived in
 5   accordance with Title 18, United States Code, Section
 6   3612(f)(3).
 7            The defendant is sentenced to a term of five years
 8   supervised release.  The following mandatory conditions are
 9   applicable:
10            The defendant must report to the United States
11   Probation and Pretrial Services Office in the district to
12   which the defendant is released within 72 hours of release
13   from custody of the Bureau of Prisons.
14            Next, the defendant shall not commit any crimes,
15   federal, state, or local.
16            Next, the defendant shall not illegally possess a
17   controlled substance.  The defendant shall refrain from any
18   unlawful use of a controlled substance.  The defendant shall
19   submit to one drug test within 15 days of release from
20   imprisonment and at least two periodic drug tests thereafter
21   as determined by the Court.
22            Next, the defendant shall not possess a firearm,
23   ammunition, destructive device, or other dangerous weapon.
24            Next, the defendant shall cooperate in the
25   collection of DNA as directed by the probation officer.
```

1        Next, if the judgment -- excuse me.  As a
2   condition of supervision the defendant must pay in
3   accordance with the Schedule of Payments sheet of the
4   judgment based on the amount of restitution that is involved
5   in this matter.
6        Next, the defendant shall abide by the standard
7   conditions of supervised release that have been adopted by
8   the Court, including the following special conditions:
9        One, the defendant shall abstain from the use of
10  alcohol and other intoxicants and not frequent
11  establishments whose primary business is the sale of
12  alcoholic beverages.
13       Next, the defendant shall participate in a program
14  for substance abuse as approved by the probation officer.
15  That program may include testing and inpatient or outpatient
16  treatment, counseling, or support group.  Further, the
17  defendant shall contribute to the costs of such treatment as
18  determined by the Probation Office Co-Payment Program, not
19  to exceed the total cost of treatment.
20       Next, the defendant shall provide the probation
21  officer access to any requested financial information,
22  including credit reports, credit card bills, bank
23  statements, and telephone bills.
24       Next, the defendant shall be prohibited from
25  incurring new credit charges or opening additional lines of

1 credit without approval of the probation officer.
2 Next, if not employed at a regular lawful
3 occupation as deemed appropriate by the probation officer,
4 the defendant may be required to perform up to 20 hours of
5 community service per week until employed.  The defendant
6 may also participate in training, counseling, daily job
7 search, or other employment related activities as directed
8 by the probation officer.
9 Finally, there's a $100 special assessment payable
10 to the Crime Victims Fund which is required to be paid
11 immediately.
12 The defendant is subject to mandatory detention
13 provisions under Title 18, United States Code, Section 3143,
14 and she will be taken into custody immediately.
15 Ma'am, if you feel the Court has not followed the
16 law in the imposition of your sentence, you have a right to
17 appeal your sentence to the Eighth Circuit Court of Appeals
18 which sits in St. Louis.  You have 14 days from today's date
19 to file that notice of appeal.
20 Mr. Tamburino will be your attorney of record on
21 that appeal.  If you do not wish to have him as your
22 attorney, you can hire your own attorney or represent
23 yourself.  In any event, you have the right to -- you have
24 to file your notice of appeal within 14 days of today's
25 date.

```
 1              Anything further for the Defense?
 2              MR. TAMBURINO:  Nothing else, Your Honor.
 3              MS. BELL:  No, Your Honor.
 4              THE COURT:  Just have a seat and the marshals will
 5    take you into custody.
 6              (Court adjourned at 9:25 a.m.)
 7                        *      *      *
 8
 9
10         I, Lori A. Simpson, certify that the foregoing is a
11    correct transcript from the record of proceedings in the
12    above-entitled matter.
13
14              Certified by:  s/ Lori A. Simpson
15                             Lori A. Simpson, RMR-CRR
```