# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    **MEMORANDUM OF LAW & ORDER**
                                                                     Criminal File No. 9-172 (MJD/SER)

(11) ANNIE HUYEN VU,

    Defendant.

LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff.

Annie Huyen Vu, pro se.

## I.    INTRODUCTION

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 772], Second Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 776], and ancillary motions.

## II.    BACKGROUND

On July 6, 2009, Petitioner Annie Huyen Vu was indicted on one count of Conspiracy to Manufacture 1,000 or More Marijuana Plants in Violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. [Docket No. 36] On November 3, 2009, she pled guilty to that count. [Docket No. 359] The plea agreement stated that a statutory mandatory minimum sentence of 120 months applied. It also contemplated cooperation by Vu, but provided that any cooperation required that Vu provide "truthful information to law enforcement agents." (Plea Agreement ¶ 7.)

Vu's sentencing hearing commenced on April 7, 2010. [Docket No. 506] At the outset of the hearing, the Government informed the Court that, in its opinion, Vu had failed to provide a complete and truthful proffer, so she did not qualify for safety valve. (Apr. 7, 2010 Tr. 2-3.) After an in-Chambers discussion, the Court added a condition to Petitioner's pretrial release that she have no contact with her co-Defendants, with the exception of her brother, and the sentencing was continued so that Petitioner could attempt a full and truthful safety-valve proffer. (Id. 3-5.) The Court then explicitly informed Vu that, if she did not tell the truth to the Government during the proffer system, the Court would be required to sentence her to ten years in prison. (Id. 4-5.) The Court

2

warned Vu that, in order to qualify for safety valve, in the proffer, "you have to tell the truth, nothing but the truth, and the whole truth. I am giving you this opportunity only once." (Id. 6.)

At the July 6, 2010, sentencing hearing, the Government informed the Court that Vu refused to meet with the Government to re-proffer after the April 7 sentencing hearing. (July 6, 2010 Tr. 2-3.) The two initial proffers, which occurred before the April 7 sentencing, contradicted each other, with Vu disavowing statements from the first proffer during the second proffer. (Id. 6-7.) Defense admitted that Vu had not provided complete and truthful information, but argued that she had provided some truthful information during her first proffer. (Id. 3.) The Court held that Vu had failed to make a complete and truthful proffer and denied application of safety valve. (Id. 7.) The Court sentenced Vu to the statutory mandatory minimum sentence of 120 months in prison.

Vu appealed her sentence to the Eighth Circuit Court of Appeals, arguing that the Court erred in determining that she had not provided a full and truthful safety-valve proffer to the Government. On March 15, 2011, the appellate court

affirmed Vu's sentence, confirming that she was not entitled to safety valve. United States v. Tran, 412 Fed. App'x 914, 917 (8th Cir. 2011).

Petitioner has now filed a two Motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Docket Nos. 772, 776] Vu has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 773]; Motion to Supplement [] Application to Proceed in Forma Pauperis [Docket No. 774]; a motion for Discovery, Evidentiary Hearing and Appointment of Counsel [Docket No. 775]; and a second motion for Discovery, Evidentiary Hearing and Appointment of Counsel [Docket No. 781].

## III. DISCUSSION

### A. Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could

4

not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B. Ineffective Assistance of Counsel Standard

In order to gain relief for ineffective assistance of counsel, Petitioner must establish both that her counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced her defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). The burden is on Petitioner to establish a "reasonable probability that, but for counsel's

unprofessional errors, the result would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) (quoting Strickland, 466 U.S. at 687). The Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076.

Counsel's performance is deficient if it falls outside of the "wide range of reasonable professional assistance," although there is a strong presumption that counsel's conduct falls within this broad spectrum. Strickland, 466 U.S. at 689. "Counsel's performance is deficient when it is less competent than the assistance that should be provided by a reasonable attorney under the same circumstances." Chambers v. Armontrout, 907 F.2d 825, 828 (8th Cir. 1990) (citing Strickland, 466 U.S. at 687).

### C. Petitioner's Stated Grounds for Relief

In her § 2255 Petitions, Vu sets forth four grounds for relief: 1) Vu was denied effective assistance of counsel because counsel failed to explain the terms and consequences of the proffer; 2) Vu's counsel was ineffective by failing to

6

argue at sentencing that the Government breached the plea agreement by failing to file a motion for downward departure based on substantial assistance; 3) in sentencing Vu to 120 months, the Court imposed a substantively unreasonable sentence that created unwarranted sentencing disparity and failed to consider the factors set forth in 18 U.S.C. § 3553(a); and 4) Vu's appellate counsel was ineffective for failing to argue on appeal that the Government breached the plea agreement and that her sentence violated due process and equal protection rights.

### D. Requirements and Consequences of the Safety-Valve Proffer

> The safety-valve provisions permit a district court to impose a sentence below the statutory minimum term of imprisonment if, among other requirements, 'the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.'

United States v. Aguilera, 625 F.3d 482, 487–88 (8th Cir.2010) (quoting 18 U.S.C. § 3553(f)(5)).

Vu cannot show prejudice regarding counsel's explanation of the requirements and consequences of the safety-valve proffer because the record conclusively demonstrates that she was informed of them in open court. During the April 7, 2010, sentencing hearing, the Court explicitly warned Vu that it

7

would be required to sentence her to the statutory mandatory minimum sentence of 120 months unless she qualified for safety valve by providing full and complete information to the Government. After clearly explaining the requirements and consequences of the proffer, the Court continued the sentencing so that Vu could comply with the safety-valve proffer requirements.

### E. The Government's Alleged Breach of the Plea Agreement

Vu asserts that her counsel was ineffective because, at sentencing, he failed to argue that the Government breached the plea agreement by failing to file a motion for a downward departure based on substantial assistance. The Court holds that Vu cannot show prejudice. The plea agreement provided that Vu was required to provide truthful information to the Government before the Government would file a motion for a downward departure based on substantial assistance. The Government did not believe that Vu was truthful during her proffers. This Court held that Vu was not truthful during her proffers, and its holding was upheld by the appellate court. Therefore, there was no prejudice from her counsel's failure to raise the argument that the Government breached the plea agreement. Moreover, the plea agreement did not require the Government to file a motion for a downward departure, but reserved discretion to accept the cooperation and to file with the Government. Furthermore, Vu

cannot make "a substantial threshold showing" that the Government's refusal to file a motion for substantial assistance was based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 186-87 (1992). For these reasons, Vu cannot show prejudice from counsel's failure to raise the breach of the plea agreement argument at sentencing. Nor was there prejudice from appellate counsel's failure to raise this argument on appeal.

### F. Statutory Mandatory Minimum Sentence

Because, as the Eighth Circuit Court of Appeals has upheld on appeal, Vu did not qualify for safety valve, the Court was required to impose the statutory mandatory minimum sentence of 120 months. Therefore, the Court did not impose a substantively unreasonable sentence or err by failing to adequately take into account the sentencing factors set forth in 18 U.S.C. § 3553(a). See United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006). No lower sentence could have been imposed. The Court denies Vu's petition with regard to these grounds.

Additionally, because the Court was required to impose the statutory mandatory minimum sentence, appellate counsel was not ineffective for failing to argue that there were unwarranted sentencing disparities.

### G. Lie Detector Test

In Vu's reply memorandum, she also asserts that her defense counsel required her take a lie detector test, which she failed, and these events caused a conflict of interest with her counsel because he no longer believed her and could not function as an effective advocate. Taking Vu's new allegations as true, her counsel's requirement that she take a lie detector test caused no prejudice.

### H. Motions for Discovery, Appointment of Counsel, and Evidentiary Hearing

The Court denies Petitioner's motions for discovery, appointment of counsel, and an evidentiary hearing.

Under Rule 6(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, a Court "may, for good cause, authorize a party to conduct discovery." A petitioner establishes good cause when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908–09 (1997) (citation omitted). The Court concludes that Vu has provided no good cause for discovery.

The record conclusively demonstrates that Vu is not entitled to the relief that she seeks. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). The record clearly contradicts Vu's claim that she was not informed of the

requirements and consequences of the safety-valve proffer. It also conclusively demonstrates that the Government did not breach the plea agreement. The other grounds for Vu's petition fail as a matter of law due to the statutory mandatory minimum sentence. Therefore, Vu's request for an evidentiary hearing is denied.

Courts may appoint counsel in a § 2255 proceeding if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court concludes that Vu's petition lacks merit, and the interests of justice do not require appointment of counsel. Additionally, because the Court has denied her request for an evidentiary hearing, Rule 8(c) of the Rules Governing § 2255 Proceedings does not apply.

I.     **Motions for Leave to Proceed In Forma Pauperis**

The Court denies Petitioner's requests to file in forma pauperis because the Court does not charge a filing fee for § 2255 petitions. In her Motion to Supplement [] Application to Proceed in Forma Pauperis, Vu acknowledges that there is no filing fee for her petition but asks for in forma pauperis status "in the event that at some later date, fees may be required, and she would have status of indigence established." ([Docket No. 774] at 2.) Because the Court has denied Vu's petition, there is no further possibility of fees in this proceeding before this Court.

11

### J. Certification of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Annie Huyen Vu's Motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 772, 776] are **DENIED**.

2. Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 773] is **DENIED**.

3. Petitioner's Motion to Supplement [] Application to Proceed in Forma Pauperis [Docket No. 774] is **DENIED**.

4. Petitioner's motions for Discovery, Evidentiary Hearing and Appointment of Counsel [Docket No. 775, 781] are **DENIED**.

5. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 6, 2012      s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court